# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DONG SIK YOO | § § | |
| v. | § § | Civil Action No. 4:17-CV-00446 |
| | § | Judge Mazzant |
| KOOK BIN IM, and BENNY TAC, INC. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Motion for Default Judgment (Dkt. #9) and Defendants' Motion to Vacate Clerk's Entry of Default (Dkt. #11).[1] After reviewing the record, the Court finds that Plaintiff's Motion for Default should be denied, and the clerk's entry of default should be vacated.

## BACKGROUND

On June 23, 2017, Plaintiff sued Defendants asserting claims for breach of contract, breach of fiduciary duty, fraud, fraud by nondisclosure, conversion, and unjust enrichment (Dkt. #4). On August 22, 2017, Plaintiff filed his request for a Clerk's Entry of Default asserting that Defendants failed to timely answer (Dkt. #7). On August 23, 2017, the Clerk's Entry of Default was entered against Defendants (Dkt. #8). On September 13, 2017, Plaintiff filed his motion for default judgment (Dkt. #9). Defendants filed a response to this motion on October 2, 2017 (Dkt. #12). Defendants filed a motion to set aside the default judgment on March 3, 2011 (Dkt. #11). On

---

[1] Pursuant to Local Rule CV-7(a), "Each pleading, motion or response to a motion must be filed as a separate document, except for motion s for alternative relief[.]" Defendants filed their Motion to Dismiss and Motion to Vacate Clerk's Entry of Default in a single motion (Dkt. #11). Although the Court should have denied the motion pursuant to the Local Rules, the Court addresses them separately in consideration of judicial economy. In separate Memorandum Opinion and Order issued contemporaneously with this Order, the Court found that Defendants' motion to dismiss, or in the alternative, to transfer venue should be denied.

October 9, 2017, Plaintiff filed an amended reply (Dkt. #16). October 16, 2017, Defendants filed a sur-reply (Dkt. #17).

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. FED. R. CIV. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Next, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins.*, 84 F.3d at 141.

A court may set aside an entry of default "for good cause shown." FED. R. CIV. P. 55(c); 60(b). "[T]he requirement of 'good cause' . . . ha[s] generally been interpreted liberally." *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991). Courts will look at the following factors to determine whether there is good cause to set aside a default: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). Other factors, such as whether the party acted expeditiously to correct the default, may also be considered. *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales*, 346 F.3d 552, 563 (5th Cir. 2003) (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). These factors are not exclusive, but are to be regarded simply as a means to identify good cause. *Id.* However,

willful failure alone may, in some circumstances, constitute sufficient cause for the court to deny a motion to set aside. *Dierschke*, 975 F.2d at 184–85.

Generally, the Fifth Circuit has adopted a policy in favor of resolving cases on the merits and against the use of default judgment. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999). "This policy, however, is counterbalanced by considerations of social goals, justice and expediency, a weighing process [that] lies largely within the domain of the judge's discretion." *Id.* (internal quotations and citations omitted).

## ANALYSIS

Defendants now move to set aside the clerk's entry of default, and Plaintiff requests that his motion for default judgment be granted. Regardless, the Court finds that, even if technically proper, the clerk's entry of default should be set aside.

The record indicates that the parties filed a Stipulation and Order to Extend Defendants' Deadline to Respond to Motion for Default Judgment (Dkt. #10), which extended Defendants time to respond to October 2, 2017. Defendants filed a responsive pleading, a motion to dismiss, which included motion to set aside the default, and an answer to the Complaint on October 2, 2017 (Dkt. #11 at p. 10–12; Dkt. #12; Dkt. #13). After entry of the clerk's default, Defendants acted promptly by filing a motion to set aside the default.

In light of these guiding principles, the Court finds that Defendants have shown good cause, and default judgment is simply not appropriate here. Under Federal Rule of Civil Procedure 55, default is appropriate if a defendant has "failed to plead or otherwise defend" the suit. FED. R. CIV. P. 55(a). Defendants have now properly appeared in this suit, making default inappropriate. Default judgments are "generally disfavored in the law" and thus "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason*

*& Hanger-Silas Mason Co. v. Metal Trades Council,* 726 F.2d 166, 168 (5th Cir. 1984). Because the record here indicates that Defendants were actively defending the claims against them prior to the granting of Plaintiff's motion for default judgment (and was attempting to defend the claims when the clerk's default was entered) and the Court finds no prejudice to Plaintiff, the clerk's entry of default should be vacated and the motion for default judgment should be denied.

## CONCLUSION

It is hereby **ORDERED** that Plaintiff's Motion for Default Judgment (Dkt. #9) is **DENIED** and Defendant's Motion to Set Aside Entry of Default (Dkt. #11) is **GRANTED** and the Clerk's Default be vacated.

**IT IS SO ORDERED**.

SIGNED this 24th day of January, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE